PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. SANTOS ARROYO, Defendant and Appellant.

No. 5053.   Argued April 28, 1933.—Decided May 5, 1933.

*Burset & Pérez Pimentel* for appellant.   *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Santos Arroyo was prosecuted and convicted of having assaulted and battered his brother, Salvador Arroyo. The principal witness for the prosecution was Salvador Arroyo. He testified that on the day to which the complaint referred he came with Santos Arroyo from work and each of them was carrying a machete; that they so came from work having a discussion over a certain amount of money which the said Santos Arroyo owed to the witness and during this discussion they arrived at the front of the house in which they lived; that thereafter the defendant uttered an intemperate phrase; that the witness said to the defendant that he should pay some respect because he, the witness, was older; that the defendant answered that he would not respect the witness if the witness did not respect him and then the witness struck the defendant with the flat part of his machete; that thereupon the defendant struck the witness with the machete that he was carrying and wounded the witness on the neck; that the witness then struck the defendant a second time with the flat part of his machete and that immediately the defendant again cut the witness with the machete; that the witness always struck the defendant with the flat part of his machete; that he never cut or tried to cut him. The witness was examined in court and it was shown that he bore wounds, while the defendant bore none at all. This is a substantial account of the facts of the case which are not really disputed.

At the end of the trial the defendant moved for a nonsuit alleging self-defense. The court overruled the motion and the record shows that it gave its reasons therefor. After reviewing the evidence, the court said that it could see the wounds that Salvador Arroyo bore, there being three of them, all to the rear, two on the neck and one on the back, and all three of large size; and that Salvador Arroyo was taken to the hospital; that the defendant had no wound; that the defendant maintained that this was a case of self-defense and asked that the case be nonsuited. The court

said that it should overrule the motion; that the defendant did not choose to testify nor did he present any proof. Thereupon the court rendered judgment sentencing the defendant to three months in jail.

On appeal the *Fiscal* of this Court speaks of the attitude and motives of the prosecuting witness who it was shown always struck with the flat part of his machete. Some argument is also made that as the prosecuting witness first hit the defendant with the flat part of his machete and after receiving a wound again struck him with the flat part of his machete, at least the second wounding by the defendant was without sufficient provocation.

We think this argument is a little overrefined. The question has to be weighed from the position of the defendant. Both participants were armed with machetes and when the prosecuting witness raised his machete to strike the defendant he could not know that his brother would not try to wound him in a more severe way. The defendant had a right to believe, as a reasonably prudent man, that he was subject to an attack by which he might suffer grave injuries. The indications are that all the blows took place rapidly. In this connection, the *Fiscal* uses the word "immediately." It is also possible that two of the blows on the part of the defendant might have been a continued response to the first attack and that the second cut was not a mere response to the second blow.

In circumstances like these it can not be expected that a man will stop to think whether his assailant intends or not to continue his assaults or even to cut him. We can not agree with the court below that this was not a case of self-defense. No one has a right to strike another with a machete without incurring the risk of a response if the other man is armed.

The judgment should be reversed and the defendant discharged.

Mr. Justice Córdova Dávila dissented.